# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEON THOLSON,<br><br>                  Plaintiff,<br><br>      v.<br><br>TIMOTHY HISES, *et al.*,<br><br>                Defendants | Case No. 3:21-cv-00164-SLG |

## SCREENING ORDER

Leon Tholson, representing himself, filed a Complaint against two correctional officers at the Anchorage Correctional Complex, in both their individual and official capacities, and the Alaska Department of Corrections, "alleging the deprivation of constitutional rights as well as personal injury under State claims."[1] Mr. Tholson also filed an Application to Waive the Filing Fee and a CJA Financial Affidavit in support.[2]

In Claim One, Mr. Tholson alleges that, on January 13, 2020, while he was on "suicide protocol," Correctional Officer Timothy Hises,[3] when asked to help Mr. Tholson call his attorney, told him that "[p]risoners who tried to contact attorneys

---

[1] Docket 1 at 1.

[2] Dockets 3, 4.

[3] Mr. Tholson spells Defendant's name as Timothy Hises in the caption of the Complaint, and as "Timothy heights," and "Timothy Hiese" in the body of the Complaint. In this order, the Court will use the spelling used in the caption. Docket 1 at 1-3.

to sue us don't get to use the phone," and "we will destroy the evidence like we did the last time."[4]  Then, instead of providing Mr. Tholson with adequate clothing as requested, C.O. Hises had Mr. Tholson escorted naked to the showers with a hood over his head.[5]  Mr. Tholson asserts that C.O. Hises confirmed that these actions were taken because Mr. Tholson "tried to call an attorney."[6]

In Claim Two, Mr. Tholson claims that, on January 26, 2001,[7] after being "placed in administrative segregation under protective custody because of accusations of possession of child pornography … defendant Chris Lyou restricted

---

[4] Docket 1 at 2.

[5] *Id*.

[6] *Id.* at 2-3.

[7] The Court takes judicial notice that public records for the State of Alaska show no criminal cases under Mr. Tholson's name in which he could have been incarcerated on January 26, 2001.  *See* https://records.courts.alaska.gov/eaccess/searchresults.  On December 3, 2019, Mr. Tholson was arraigned in *State of Alaska v. Leon Michael Tholson*, 3AN-19-11387CR, on charges of child pornography; and on December 18, 2020, while out of custody, he was arraigned in *State of Alaska v. Leon Michael Tholson*, 3AN-20-08497CR, on a charge of misdemeanor harassment. The Alaska court dockets in those cases show Mr. Tholson as being in custody from his December 3, 2019 arraignment until November 12, 2020, from February 2, 2021 – March 9, 2021, and from April 9, 2021 – July 26, 2021; and he is now on supervised release.  Thus, it is possible that Mr. Tholson intended to state January 26, 2020 as the date for his allegation in Claim 2.

"Judicial notice" is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact. . .." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . .  from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist*., 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 2 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 2 of 15

[his] phone calls to [his] attorney without any legitimate penological interest whatsoever."[8]

Mr. Tholson claims that the actions of the correctional officers "created ongoing severe mental and emotional injuries … that substantially affect his ability to perform day-to-day activities."[9]

Mr. Tholson states no facts in support of any claim against the Alaska Department of Corrections, named under "the superior respondent doctrine of law."[10]

Mr. Tholson requests compensatory and punitive damages to be decided at trial, and a "declaration from the court stating in specific what legal and constitutional rights were violated and by what defendants."[11]

Thereafter, Mr. Tholson filed a Notice of Intent to Amend Complaint to add claims against "Defendant Lyou and Jane Dow for ordering the Correctional Officers to only provide [him] access to use the phone to call an attorney if a Correctional Officer was able to stand by and listen … in Jan. of 2020"; and against

---

[8] Docket 1 at 3.

[9] *Id*.

[10] *Id*. at 1.

[11] *Id*. at 3.

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 3 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 3 of 15

two "John Dows in Feb. of 2021[,]" "[f]or only providing access to make attorney call at about 6:30 a.m."[12]

On August 24, 2021, Mr. Tholson also filed three motions: (1) a "Motion for the Court to Order Defendants to locate and preserve sound and video recordings" of "Defendant Hises on [Mr. Tholson's] housing unit on 1-13-2020";[13] a (2) "2[]nd Request for Clarification," asking when the Court would have him file an amended complaint;[14] and (3) a motion requesting "the Court to Provide Documents and for Clarification," explaining that when he previously filed cases with the Court, he was "always … provided a copy of the filings with the Court stamp at the bottom [but that he has] only got the cover sheets to the documents in this case."[15]

---

[12] Docket 8.

[13] Docket 7 at 1, 3.

[14] Docket 9.

[15] Docket 10 at 1.

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 4 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 4 of 15

The Court takes judicial notice that Mr. Tholson frequently files lawsuits in this Court claiming that his rights have been violated when he is incarcerated.[16] To date, he has one "strike" under 28 U.S.C. § 1915(g).[17]

The Court also takes judicial notice that Mr. Tholson was incarcerated as a pretrial detainee from December 3, 2019 – November 12, 2020, from February 2, 2021 – March 9, 2021, and from April 9, 2021 – July 26, 2021;[18] and that he is currently on supervised release.[19]

---

[16] *See Tholson v. Dillon, et al.*, 3:16-cv-00243-RRB (retaliation), 12/5/17 Dismissal (failure to prosecute), Dockets 26, 27; *Tholson v. Alaska DOC, et al.*, 3:16-cv-00086-SLG (failure to protect, verbal harassment, sexual harassment, medical care, tort against DOC, medical malpractice, retaliation, religious freedom, unreasonable search, sexual assault), 9/19/16 Voluntary Dismissal, Dockets 9, 10; *Tholson v. Sullivan, et al.*, 3:16-cv-00010-SLG (retaliation for exercise of 1st Amendment rights), 7/29/16 Voluntary Dismissal, Dockets 6, 7, 8; *Tholson v. Taylor*, 3:15-cv-00049-SLG (protection from harm), 8/18/15 Dismissal (failure to prosecute), Docket 12; *Tholson v. Taylor, et al.*, 3:15-cv-00033-SLG (8th Amendment medical care), 8/17/15 Dismissal (failure to prosecute), Docket 21; *Tholson v. Long, et al.*, 3:14-cv-00257-SLG (failure to investigate state crime), 3/5/15 Dismissal under 28 U.S.C. § 1915(e)(B)(ii), for failure to state a claim, Dockets 5, 6; *Tholson v. Schmidt (terminated), Williams & Kriger*, 3:14-cv-00216-SLG (religious freedom), 6/8/17 Stipulated Dismissal, approved, 6/9/17, Dockets 85, 86; *Tholson v. Schmidt (terminated), Hubbard & Thomas*, 3:13-cv-00043-SLG, 6/8/17 Stipulated Dismissal, approved 6/9/17, Dockets 444, 445.

[17] *See Tholson v. Long, et al.*, 3:14-cv-00257-SLG, Docket 5 at 5 ("DISMISSED, under 28 U.S.C. § 1915(e)(B)(ii), for failure to state a claim"). 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[18] *State v. Tholson*, 3AN-19-11387CR; *State v. Tholson*, 3AN-20-08497CR.

[19] *See Tholson* cases, *supra*; *see also* https://vinelink.vineapps.com/search/persons.

3:21-cv-00164-SLG, *Tholson v. Hises, et al.*, 3:21-cv-00164-SLG
Screening Order
Page 5 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 5 of 15

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented plaintiff who seeks to waive the $402.00 filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action--

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief. [20]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[21] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[22] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint

---

[20] 28 U.S.C. § 1915(e)(2)(B).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

[22] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

3:21-cv-00164-SLG, *Tholson v. Hises, et al.*, 3:21-cv-00164-SLG
Screening Order
Page 6 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 6 of 15

and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[23]

## DISCUSSION

Under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[24] This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[25]

Because state agencies are immune from suit in federal court, the Alaska Department of Corrections must be dismissed without leave to amend. With respect to the two individual defendants, the Complaint will be dismissed as to the claims against them, but Mr. Tholson will be given an opportunity to file an amended complaint that cures the deficiencies explained below, or to file a voluntary dismissal without prejudice.

### I. State Immunity

Mr. Tholson asserts that he is bringing a claim against the State of Alaska's Department of Corrections. However, "the Constitution does not provide for

---

[23] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[24] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[25] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

3:21-cv-00164-SLG, *Tholson v. Hises, et al.*, 3:21-cv-00164-SLG
Screening Order
Page 7 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 7 of 15

federal jurisdiction over suits against nonconsenting States."[26] While § 1983 imposes liability on state actors who deprive a person of his or her civil rights, the Supreme Court has held that a state agency is not a "person" under § 1983.[27] The Eleventh Amendment bars suit regardless of the relief sought.[28] Therefore, the Department of Corrections must be dismissed from this case. And this dismissal will be with prejudice and without leave to amend, as it would be futile to give leave to amend as to this state agency.

## II. Retaliation

Prisoners are protected from retaliation for exercising their First Amendment right to file prison grievances, complaints, or lawsuits.[29] "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and

---

[26] *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 726 (2003) (citations omitted); *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("This Court has consistently made clear that 'federal jurisdiction over suits against unconsenting States "was not contemplated by the Constitution when establishing the judicial power of the United States."'") (citations omitted).

[27] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66 (1989) ("That Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance ...."); *see also Northern Ins. Co. of New York v. Chatham County, Ga.,* 547 U.S. 189, 193 (2006) ("States and arms of the State possess immunity from suits authorized by federal law.") (citations omitted).

[28] *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n. 1 (9th Cir. 2012) ("The Eleventh Amendment proscribes § 1983 claims against the Board itself, whether for damages or injunctive relief.").

[29] As a pretrial detainee, Mr. Tholson's rights were protected through the Fourteenth Amendment to the United States Constitution. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)).

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 8 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 8 of 15

prohibited as a matter of 'clearly established law.'"[30] There are five elements that a prisoner must meet when bringing a First Amendment claim for retaliation:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.[31]

Further, "a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct."[32] But the Ninth Circuit has also stated that "a plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm."[33] The harm must be more than minimal.[34]

Mr. Tholson claims that the actions of the correctional officers have caused him psychological injuries that inhibit "his ability to perform day-to-day activities."[35] Mr. Tholson's vague claim of an injury must be more specific.

---

[30] *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

[31] *Id.*; *accord Nyland v. Calaveres Cty Sheriff's Jail*, 688 F.App'x 483, 485 (9th Cir. 2017) (applying the *Rhodes* elements to a pretrial detainee).

[32] *Brodheim*, 584 F.3d at 1271 (citation and quotation marks omitted).

[33] *Id.* (citing *Rhodes*, 408 F.3d at 568 n. 11).

[34] *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

[35] Docket 1 at 3.

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 9 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 9 of 15

### III. Personal and Official Capacity

Individual suits "seek to impose personal liability upon a government official for actions [the official] takes under color of state law."[36] Liability in an individual capacity suit for money damages can be demonstrated by showing that the official caused the alleged injury.[37] Thus, in order to state a viable civil rights claim against state officials in their individual capacities, allegations of personal participation are required.[38]

In an official capacity suit, a plaintiff must demonstrate that a policy or custom of the government entity of which the official is an agent was the moving force behind the violation.[39] If state officials are sued in their official capacity for injunctive relief, rather than money damages, the Eleventh Amendment (which does not allow damage suits against the states) does not bar suit. State officials sued in their official capacity are persons for purposes of § 1983, "because official-

---

[36] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[37] *See id*. at 166.

[38] *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988).

[39] *See Kentucky v. Graham*, 473 U.S. at 166; *see also Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) ("The individual state official sued 'must have some connection with the enforcement of the act.' *Ex parte Young*, 209 U.S. [123,] 157 [(1908)]. In addition, that connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.' *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (1992).").

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 10 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 10 of 15

capacity actions for prospective relief are not treated as actions against the State."[40]

Mr. Tholson has brought claims against each individual defendant in both their individual and official capacities.[41] He must decide, for each individual he names as a defendant, whether that defendant is being sued in his or her individual capacity (requesting money damages for his or her personal participation), or official capacity (requesting injunctive relief from someone in a position of authority who can grant that relief);[42] only rarely will both apply.

### III. Stating a Claim for Relief

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Mr. Tholson alleges he has suffered, (2) when that harm occurred, (3) where that harm was

---

[40] *Kentucky v. Graham*, 473 U.S. at 167 n. 14; *see also Coalition to Defend Affirmative Action*, 674 F.3d at 1133-34 (The Eleventh Amendment "does not … bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law.") (citations omitted).

[41] Docket 1 at 1.

[42] *See Wolfe v. Strankman*, 392 F.3d 358, 365 (9th Cir. 2004) ("[A] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983") (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989)) (further citation and internal quotation marks omitted). Thus, a prison superintendent who is able to make policy changes, for example, can be sued in his or her official capacity for injunctive relief.

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 11 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 11 of 15

caused, (4) who caused that specific harm to him, and (5) what specific statute or constitutional provision was violated as to that specific claim.[43]

To properly state a claim, Mr. Tholson needs to explain what happened regarding each legal claim he makes. Mr. Tholson does not need to make legal arguments. Mr. Tholson needs to set forth the factual details, stating who and what he believes harmed him for each claim. There is space on the Court's form to state facts regarding each separate claim against each individual defendant.

Therefore, **IT IS HEREBY ORDERED:**

1. The Complaint, at Docket 1, is DISMISSED[44] with leave to amend as to the individual defendants only. The claims against the Department of Corrections are dismissed with prejudice and without leave to amend.

2. On or before **September 30, 2021,** Mr. Tholson must file one of the following:

---

[43] *See, e.g., In re New Century*, 588 F. Supp. 2d 1206, 1218-19 (C.D. Calif. 2008) (The Court states that it "will not hesitate to dismiss long, unwieldy pleadings…. Neither courts nor defendants should have to wade through the morass of 'puzzle pleadings' as this wastes judicial resources and undermines the requisite notice for a defendant to respond.") (citation omitted); *Gurman v. Metro Hous. & Redevelopment Auth*., 842 F.Supp.2d 1151, 1153 (D. Minn. 2011) (A pleading is often characterized as a "shotgun" or "kitchen-sink" complaint when "a plaintiff brings every conceivable claim against every conceivable defendant.") (footnote omitted).

[44] *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim).

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 12 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 12 of 15

a. <u>First Amended Complaint</u>, in which Mr. Tholson states all cognizable claims against appropriate individuals, correcting the deficiencies explained in this order; *OR*

b. <u>Notice of Voluntary Dismissal</u>, which informs the Court that Mr. Tholson no longer wishes to pursue this lawsuit and voluntarily dismisses the entire action without prejudice.

3. If Mr. Tholson does not file either a First Amended Complaint, or a Notice of Voluntary Dismissal, on one of the Court's forms, by **September 30, 2021,** this case may be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B), without further notice to Mr. Tholson. This dismissal may count as a "strike" against Mr. Tholson under § 1915(g).[45]

4. A First Amended Complaint *must be on this Court's form,* with one claim per page against each person who violated Mr. Tholson's federal rights. Any amended complaint will entirely replace the initial Complaint.[46] Mr. Tholson must include all claims he seeks to bring in the First Amended Complaint. Any claims not included in an amended complaint are waived.

---

[45] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[46] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 13 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 13 of 15

5. The time given to file a First Amended Complaint makes MOOT the Motion at Docket 9. Mr. Tholson must file a First Amended Complaint or Voluntary Dismissal on or before **September 30, 2021**, and he need not know the names of any John Doe individuals at the time of his filing.

6. The Motion to Order the Defendants to Locate and Preserve Sound and Video Recordings, at Docket 7, is **DEFERRED** until such time as Mr. Tholson files a cognizable amended pleading.

7. The Application to Waive the Filing Fee, at Docket 3, is **DEFERRED**.

8. The Motion at Docket 10 is **GRANTED in part**. The Court's current policy regarding copies is set forth in paragraph 9 of this order. The Clerk of Court will send Mr. Tholson a copy of his Complaint with this order. If Mr. Tholson wants copies of additional documents he files in this case, he should explain why each document is necessary, as well as his financial need. Providing copies of Dockets 2, 3, 4, 5, 6, 7, 8, 9, and 10 to Mr. Tholson does not appear necessary at this stage of the case.

9. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant sends a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will inform the litigant of when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 14 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 14 of 15

event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

10. At all times, Mr. Tholson must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

11. The Clerk of Court is directed to send Mr. Tholson the following forms with this Order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act"; (2) a copy of the Complaint filed at Docket 1; (3) form PS09, Notice of Voluntary Dismissal; (4) form PS23, Notice of Change of Address; and (5) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 31st day of August, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

3:21-cv-00164-SLG, *Tholson v. Hises, et al.,* 3:21-cv-00164-SLG
Screening Order
Page 15 of 15
Case 3:21-cv-00164-SLG   Document 11   Filed 08/31/21   Page 15 of 15